**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BROGAN W. RAFFERTY,** | **CASE NO. 5:17-CV-01169** |
| Petitioner, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| | **MAGISTRATE JUDGE JAMES R. KNEPP II** |
| **WARDEN ED SHELDON,** | |
| Respondent. | **MEMORANDUM OF OPINION AND ORDER** |

This matter is before the Court upon the Motion for Certificate of Appealability ("Motion") of Petitioner Brogan W. Rafferty ("Petitioner"). (Doc. No. 37.) For the following reasons, Petitioner's Motion is DENIED.

On September 23, 2020, the Court adopted the Report & Recommendation of Magistrate Judge James R. Knepp II, denied Petitioner's Petition for Writ of Habeas Corpus and request for a certificate of appealability, and entered a final judgment entry. (Doc. Nos. 35, 36.) On October 12, 2020, Petitioner filed the instant Motion, again requesting that this Court issue a certificate of appealability with respect to the claims in his Petition. (Doc. No. 37.) Subsequently, on October 21, 2020, Petitioner filed a Notice of Appeal indicating that Petitioner was appealing the Court's orders from September 23, 2020. (Doc. No. 38.)

The filing of Petitioner's Notice of Appeal deprives this Court of jurisdiction to consider Petitioner's Motion. *See, e.g.*, *Brown v. Harris*, No. 3:17-cv-080, 2018 U.S. Dist. LEXIS 139498, at *2 (S.D. Ohio Aug. 17, 2018) ("The filing of a Notice of Appeal[] deprives this Court of jurisdiction to reconsider its denial of a certificate of appealability."). "The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability

before the appellate court." *Sims v. United States*, 244 F.3d 509, 509 (6th Cir. 2001) (citing Fed. R. App. P. 22(b)(1)). Therefore, the Court denies Petitioner's Motion for lack of jurisdiction.

Moreover, even if the Court had jurisdiction over Petitioners' Motion, the Court would deny it, as Petitioner has not presented any new basis for reconsideration of the Court's original decision to deny Petitioner a certificate of appealability. *See Dantz v. Apple Am. Grp., LLC*, No. 5:04CV0060, 2006 WL 2850459, at *1 (N.D. Ohio Sept. 29, 2006) ("Generally, there are three major situations which justify a court reconsidering one of its orders: '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.'") (quoting *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)).

Thus, for the reasons set forth above, Petitioner's Motion for Certificate of Appealability (Doc. No. 37) is DENIED.

**IT IS SO ORDERED.**

|  |  |
|---|---|
| Date: October 27, 2020 | *s/Pamela A. Barker*<br>PAMELA A. BARKER<br>U. S. DISTRICT JUDGE |